

101 Park Avenue, 17th Floor
New York, NY 10178
212.878.7900  212.692.0940
www.foxrothschild.com

Stephanie M. Steinberg, Esq.
Direct Dial: 212-878-7973
Email: smsteinberg@foxrothschild.com

In light of Defendant's response, the Court concludes that there is no basis for Court intervention at this time, let alone for sanctions. Accordingly, Plaintiff's motions - to compel and for sanctions - are DENIED.  The Clerk of Court is directed to terminate ECF Nos. 32 and 33.

SO ORDERED.

November 7, 2025

November 6, 2025

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Livingston v. Standard Int'l. Mgt., LLC*, Civil Action Case No. 1:25-cv-04374 (JMF)
      **Defendant's Opposition to Plaintiff's Letter Motion to Compel Discovery**

Dear Judge Furman:

We represent Defendant Standard International Management, LLC (hereinafter, "Defendant") in the above-referenced matter. We write in opposition to Plaintiff's November 3, 2025 letter motion (DE 32) to compel production of comparator data, CCTV evidence, and related HR records.

By way of background, at all relevant times, Plaintiff has been employed as a Server at The Standard, High Line Hotel. In this action, Plaintiff alleges race, sex, and age-based employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Civil Rights Act of 1866, the New York State Human Rights Law, and the New York City Human Rights Law against Defendant. *See* DE 1. Plaintiff proceeded to amend his Complaint several times, and Defendant filed its Answer on September 3, 2025, denying all material allegations. *See* DE 17. Plaintiff continues to remain employed as a Server at the Hotel.

Now, Plaintiff seeks to compel certain discovery from Defendant. However, as will be demonstrated below, Defendant has diligently responded to Plaintiff's formal discovery demands,

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington

178945161.1

Honorable Jesse M. Furman
November 6, 2025
Page 2 of 4

as well as to Plaintiff's numerous informal demands promulgated via email, and Defendant has complied with all relevant discovery rules under the Federal Rules of Civil Procedure, the Local Rules for the Southern and Eastern Districts of New York, and all applicable Orders issued by the Court.

On October 9, 2025, Defendant timely served Plaintiff with its Responses and Objections to Plaintiff's First Requests for the Production of Documents (annexed hereto as **Exhibit A**), in which it responded to all 30 of Plaintiff's individual requests. Additionally, Defendant uploaded via secure file sharing site, Kiteworks, its accompanying document production, which included 336 documents, as well as four separate video files.

Regarding Plaintiff's request for "comparator data", "applicant flow data, resumes, interview scorecards, offer letters, and compensation information for the management roles at issue," which Plaintiff contends comprises RFP Nos. 1-3 and 23, Defendant provided its responses and objections. Plaintiff's requests were overly broad, vague, and improperly sought personal and confidential information of third parties. Defendant has made valid objections and, without waiving such objections, has provided all documents in its possession that are responsive to Plaintiff's demands. Defendant referred Plaintiff to Defendant's documents stamped as DEF 00001 – DEF 00032 in its responses. As with all of Plaintiff's requests, Defendant conducted a search for all responsive documents. Other than what was already produced, Defendant is not in possession of any other documents that are responsive to Plaintiff's requests.

Regarding the CCTV footage, Plaintiff's request (RFP 13) sought "All CCTV/video/audio for Sept. 27, 2024… for relevant areas…" Plaintiff did not define the term "relevant areas" nor specify a time period in his request. In any event, in addition to the original four video files, Defendant supplemented its production and has now produced 12 different videos containing footage from several areas of the hotel, including the main dining room, rooftop, and plaza area for the date in question. The attached log from Kiteworks (**Exhibit B**) evidences all activity on the file share site, and the bolded entries indicate all video files uploaded by Defendant. Indeed, on October 9, 2025, Defendant produced the first four videos. These videos show Walid Almaaz and Maria Marzocca talking in the plaza between approximately 11:30 a.m. and 11:45 a.m. Plaintiff was not satisfied with these videos and, in an email dated October 16, 2025, he subsequently requested footage from the main dining room (**Exhibit C**). Defendant provided two responses via email on October 17, 2025 (**Exhibit D**). Then, after conducting a further search of the Defendant's records, on October 23, 2025, Defendant notified Plaintiff via email that it had uploaded two more videos, which contained footage from the main dining room (**Exhibit E**), and which show Ms. Marzocca speaking with Mr. Almaaz, as well as other coworkers between approximately 11:30 am to 12:00 pm.

Further, on October 27, 2025, Defendant timely served its Responses to Plaintiff's First Supplemental Requests for Admission and its Responses to Plaintiff First Supplemental Interrogatories (**Exhibit F**).

Then on October 27, 2025, Plaintiff sent a hostile and unfounded email to Defendant (**Exhibit G**) indicating he was still not satisfied with Defendant's production, including the video evidence of the alleged September 27, 2024 "incident" between Mr. Almaaz and Ms. Marzocca,

178945161.1

Honorable Jesse M. Furman
November 6, 2025
Page 3 of 4

and he requested even more footage than what was produced. Defendant responded to Plaintiff's email on October 28, 2025, addressing each of Plaintiff's points and indicating it would continue to search for any additional footage (**Exhibit H**). At the repeated request of defense counsel, the parties had a telephonic meet and confer on October 30, 2025 to try to resolve various discovery disputes. Then, on October 31, 2025, Defendant notified Plaintiff via email (**Exhibit I**) that it had uploaded six more videos (one video of the main dining room and one zip file containing five videos of the rear rooftop). These videos span the time period between approximately 11:15 am and 12:00 pm and also show Mr. Almaaz and Ms. Marzocca talking.

      Defendant has responded in good faith to every email Plaintiff has sent and every request that Plaintiff has served. As stated above, Defendant has produced 12 different videos of the relevant locations at the hotel from September 27, 2024. While Plaintiff is clearly not satisfied with what is depicted in the footage, he cannot continue his fishing expedition to uncover some alleged video evidence that does not exist. Plaintiff is causing undue delay to the Court in this matter and placing an undue burden on Defendant. See, e.g., *Edmonson v. RCI Hospitality Holdings, Inc.*, 2018 WL 4112816, at *1 (S.D.N.Y. Aug. 29, 2018) ("While the scope of relevance is broad, '[d]isclosure should not be directed simply to permit a fishing expedition.'" (quoting *Liberty Mut. Ins. Co. v. Kohler Co.*, 2010 WL 1930270, at * 2 (E.D.N.Y. May 11, 2010) (quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)); *Park West Radiology v. CareCore Nat. LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y. 2008) ("The Court finds Defendants' discovery request excessively broad .... [T]he discovery demand strikes the Court as more like a fishing expedition by which Defendants hope to find documentation to support the numerous allegations....").

      Plaintiff also alleges he requested documentation of HR investigations into the September 27, 2024 "incident". Defendant responded to this request in its Response to RFP 14 (see, **Exhibit A**), and Defendant referred Plaintiff to its documents stamped as DEF 00151 – DEF 00169. This document production includes Plaintiff's September 27, 2024 email to Human Resources regarding the alleged "incident" and Human Resources' response. Other than what was produced, Defendant is not in possession of any other document responsive to Plaintiff's request.

      Finally, Plaintiff also claims Defendant did not produce documentation of related workplace incidents, including the confrontation between Keira Sloane and Walid Almaaz. However, this request was included in Plaintiff's Supplemental Requests for Production, which were served on October 11, 2025, and to which Defendant's response is not yet due. Defendant will respond to these supplemental requests in accordance with the FRCP.

      Defendant has diligently and timely responded to each and every request that Plaintiff has served, as well as to each and every one of Plaintiff's emails. Defendant has complied with all of its obligations concerning discovery. Accordingly, for the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion in its entirety.

Honorable Jesse M. Furman
November 6, 2025
Page 4 of 4

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Stephanie M. Steinberg*
Glenn S. Grindlinger
Stephanie M. Steinberg

cc:     Plaintiff, Pro Se, via ECF

178945161.1